566 So.2d 600 (1990)
KINCAID CONSTRUCTION COMPANY, Etc., et al., Appellants,
v.
WORSHAM UNDERGROUND UTILITY CONSTRUCTION, Etc., Appellee.
No. 89-2599.
District Court of Appeal of Florida, Fifth District.
September 13, 1990.
Alice Blackwell White, P.A., Brenda Lee London of Broad and Cassel, Maitland, and William A. Harmening, Longwood, for appellants.
Patricia A. Remer of Wright, Fulford & Moorhead, P.A., Orlando, for appellee.
PETERSON, Judge.
Kincaid Construction Company and Seaboard Surety Company appeal a nonfinal order denying Kincaid's motion to compel arbitration and both companies' motions to stay the proceedings during arbitration. We affirm.
This appeal turns on the interpretation of a contract that provides:
Sub-Contractor shall make all alterations, furnish the materials for and perform all extra work or omit any work owner or architect may require without modifying this agreement at a reasonable addition to or reduction from the sub-contract price herein named and prorated to the same. No changes are to be made, however, except upon written order from Contractor and Contractor shall not be held liable to Sub-Contractor for any extra labor or materials furnished without such written order. The amount to be paid by Contractor or allowed by Sub-Contractor by virtue of the same shall be stated in such order if the amount can be agreed upon, but if not, then it shall be fixed by arbitration, each *601 of the parties hereto, having the right to name one arbitrator and the Architect or Engineer having the right to name the third arbitrator, all costs for such arbitration shall be borne equally by the parties hereto, but pending such arbitration, the work shall proceed as directed.
The trial court denied Kincaid Construction Company's motion to compel arbitration based upon the language, and we agree with the denial. The issue before the trial court was not the determination of an amount to be paid for extras. The issue was whether Worsham Underground Utility Construction was to furnish certain telemetry equipment for a lift station as part of a change order and whether Worsham or the City of Orlando was responsible for the furnishing of flow meters. The contract provision requires arbitration to resolve only disagreements about price, not disagreements about whether equipment and installation services were to be included in the contract price.
We affirm and remand for further proceedings before the trial court.
AFFIRMED and REMANDED.
W. SHARP and GOSHORN, JJ., concur.